WO **JWB**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Oscar Herrejon, aka Jose Guadalupe Perez Castorena,<br><br>Plaintiff,<br><br>vs.<br><br>Joseph M. Arpaio,<br><br>Defendant. | No. CV 06-1473-PHX-SMM-ECV<br><br>**ORDER** |

In this civil rights action brought by a former county jail inmate, Defendant moved to dismiss for lack of exhaustion (Doc. # 6). Plaintiff responded, and Defendant replied (Doc. ## 10, 11, 13). The Court will grant Defendant's motion and terminate this action.

**I.   Background**

Plaintiff filed a 42 U.S.C. § 1983 action against Defendant Joseph Arpaio alleging that Plaintiff's constitutional rights were violated by (1) insufficient and spoiled meals, (2) overcrowding, and (3) unsanitary conditions at the Lower Buckeye Jail (Doc. # 1 at 4-6). Defendant Arpaio was ordered to answer the Complaint and he subsequently filed a Motion to Dismiss on the ground that Plaintiff failed to exhaust his administrative remedies (Doc. ## 3, 6). In support of his motion, Defendant submitted (1) an affidavit of Sergeant Zelean Tademy and (2) the Maricopa County Sheriff's Office's Inmate Grievance Procedures (Doc. # 6, Ex. 1).

///

///

**II.   Legal Standard**

Plaintiff must first exhaust "available" administrative remedies before bringing this action.  See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005).  He must complete the administrative review process in accordance with the applicable rules.  See Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006).  Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

Defendants bear the burden of raising and proving the absence of exhaustion.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact.  Wyatt, 315 F.3d at 1119-20.  Further, a court has broad discretion as to the method to be used in resolving the factual dispute.  Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

**III.   Analysis**

Plaintiff brought a Complaint claiming that the Lower Buckeye Jail was severely overcrowded and unsanitary and that Plaintiff received insufficient and spoiled meals (Doc. # 1 at 4-6).  In his Complaint, Plaintiff acknowledged that a grievance system existed at the Jail, but Plaintiff claimed that his issues were not grievable (Id.).

In support of his motion to dismiss, Defendant submitted the affidavit of Sergeant Zelean Tademy (Tademy Aff., Ex. 1, Doc. # 6).  Tademy asserts that he has searched Plaintiff's file for records of grievances, but that Plaintiff did not file any grievances during his incarceration in the Maricopa County Jail System (Id. at ¶ 12).

Plaintiff responded to Defendant's motion on October 24, 2006 and December 11, 2006 (Doc. ## 10, 13).  Plaintiff averred that he requested grievance forms, but that "as a result of [his] request, [he] was rolled out of [his] living quarters and relocated" (Doc. # 10 at 1).  Plaintiff seems to argue there were no "available remedies" to him and therefore he

1 was not required to exhaust his administrative remedies. Plaintiff's argument fails, however,
2 for at least two reasons. First, Plaintiff has not specifically named *any* of the officers who
3 refused his request for grievance forms nor has he described with any degree of specificity
4 (such as dates, times, or other identifying circumstances) what transpired to prevent him from
5 filing grievances. Second, Plaintiff has made inconsistent statements regarding exhaustion.
6 In his Complaint, Plaintiff claimed that he was told his issues were not grievable. Now it
7 appears as though Plaintiff has abandoned that argument in favor of an argument related to
8 intimidation when Plaintiff attempted to file grievances. In either event, Plaintiff has not
9 adduced *any* evidence to support his contentions.[1]

10 Defendant replied that all issues may be grieved and that detention officers pass out
11 grievance forms to inmates who request them (Doc. # 11 at 2).

12 In light of Plaintiff's generalized allegation that detention officers told him that his
13 issues were not grievable and Defendant's evidence that a grievance process existed at the
14 jail for any issue, Defendant has demonstrated that Plaintiff failed to exhaust available
15 remedies with respect to overcrowding, unsanitary conditions, and insufficient and spoiled
16 meals.

17 **IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. # 6) is **granted**, and
18 Plaintiff's action is dismissed without prejudice. The Clerk shall terminate this action.

19 DATED this 30th day of April, 2007.

_____
Stephen M. McNamee
United States District Judge

---

[1] Plaintiff also discusses the merits of his claim and attempts to introduce another claim regarding an injury Plaintiff sustained to his knee when he was incarcerated in the Maricopa County Jail System. A claim for any injury Plaintiff sustained, however, is not properly before this Court.

- 3 -